**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**


Gregory Paul Violette

      v.                                   Civil No. 2:19-cv-479-PJB

Toni Baker and United States
Probation and Pretrial Services[1]


**REPORT AND RECOMMENDATION**

Plaintiff, Gregory Paul Violette, who was an inmate at the

Federal Medical Center Devens in Massachusetts when he filed

this action, has filed a Complaint (Doc. No. 1) and an Amended

Complaint (Doc. No. 22) asserting that the defendants, a

probation officer and U.S. Probation and Pretrial Services,

exceeded their authority and violated Mr. Violette's federal

rights in causing him to be sentenced by a judge for violating

the conditions of his supervised release.  Mr. Violette's

complaint (Doc. No. 1) and amended complaint (Doc. No. 22) are

before this court for preliminary review, pursuant to 28 U.S.C.

---

[1]The claims in this case are essentially identical to the claims in Violette v. Turgeon, No. 2:19-cv-480-LBM (D. Me.), and Violette v. Phillips, No. 2:19-cv-458-JNL (D. Me.), except that different probation officers are named as defendants in those cases.  The undersigned magistrate judge has issued essentially the same Report and Recommendation ("R&R") in the preliminary review of Mr. Violette's pleadings in all three cases.  The R&R was approved in Turgeon in September 2020, resulting in the dismissal of that case.  See Sept. 3, 2020 Order, Turgeon (ECF No. 23).  The R&R remains pending before Judge Laplante in Phillips.

§ 1915A(a).

## Standard

The court conducts a preliminary review of inmate
complaints, see 28 U.S.C. § 1915A(a).  Where such pleadings are
filed pro se, the court construes them liberally, see Erickson
v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  In considering
whether the complaint states a claim, the court determines
whether, stripped of legal conclusions, and with all reasonable
inferences construed in plaintiff's favor, the complaint
contains "sufficient factual matter, accepted as true, to 'state
a claim to relief'" upon which relief can be granted.  Ashcroft
v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  Claims
may be dismissed, sua sponte, if, among other things, the court
lacks jurisdiction, a defendant is immune from the relief
sought, or the complaint fails to state a claim upon which
relief may be granted.  See 28 U.S.C. § 1915A(b)(1).

## Discussion

Both the complaint (Doc. No. 1) and the amended complaint
(Doc. No. 22), liberally construed, assert claims for damages
against the defendant probation officer and the U.S. Probation
and Pretrial Services office for violating Mr. Violette's
federal rights.  Mr. Violette alleges that the defendants

2

exceeded their authority and violated Mr. Violette's right to

due process under the Fifth Amendment, by causing him to be

sentenced by a judge for a supervised release violation.  The

district judge in Mr. Violette's federal prosecution imposed a

27-month sentence of imprisonment after Mr. Violette admitted to

the revocation charges.  See April 16, 2019 Minute Entry &

Revocation Jt., United States v. Violette, No. 1:00-cr-00026-GZS

(D. Me. Apr. 16, 2019) (ECF Nos. 206, 208).  Mr. Violette claims

that he was entitled to a jury trial on that issue.

      "United States Probation Officers are 'officers of the

court,' who act as the court's 'eyes and ears' and 'provide

information and recommendations to the court.'"  United States

v. Amatel, 346 F.3d 278, 279 (2d Cir. 2003) (citations omitted).

"Probation officers are authorized and required by law to, inter

alia, keep informed as to the conduct and condition of a person

on supervised release and to report such conduct and condition,

including any violations of the conditions of release, to the

sentencing court."  United States v. Bermudez-Plaza, 221 F.3d

231, 234 (1st Cir. 2000) (citing 18 U.S.C. § 3603(2), (8)(B)).

>     Pursuant to this important role, Probation Officers . . .
>     upon learning that a defendant under their supervision may
>     have violated the terms of his release . . . would forward
>     a petition to the district court seeking to initiate a
>     proceeding to determine whether that release should be
>     revoked.  See 18 U.S.C. § 3583(e)(3) (providing that a
>     district court may revoke a previously-imposed term of
>     supervised release).

3

Amatel, 346 F.3d at 279-80.

> [A] motion such as that filed by the probation officer in
> this case is merely an exercise of the officer's statutory
> duty to "report" to the district court on the conduct and
> conditions of a person on supervised release.  When a
> probation officer includes in her report a recommended
> course of action, she is merely assisting the district
> court in its evaluation of the alleged violation, as is
> required of her as an investigatory and supervisory agent
> of the Judiciary.

Bermudez-Plaza, 221 F.3d at 234 (citations omitted) (18 U.S.C.
§ 3603 authorizes probation officer to file motion with
recommendations, initiating revocation proceedings).
Accordingly, Mr. Violette has failed to state a claim that
defendants exceeded their statutory authority in initiating the
proceedings that led the district court to revoke his supervised
release.

To the extent Mr. Violette seeks to use this civil rights
action asserting claims challenging the revocation of his
supervised release, he is precluded from doing so.  Plaintiffs
are generally barred from litigating claims for damages that
would necessarily imply the invalidity of a judgment of
conviction and a sentence unless the judgment and sentence have
been previously invalidated.  See Heck v. Humphrey, 512 U.S.
477, 487 (1994) (courts must dismiss claims under 42 U.S.C.
§ 1983 if judgment in plaintiff's favor would necessarily imply
invalidity of conviction or sentence that has not been
invalidated).  That rule applies to revocation judgments in

4

supervised release proceedings and in cases involving federal

criminal prosecutions.  See Harris v. Fulwood, 611 F. App'x 1, 2

(D.C. Cir. 2015) (Heck barred parolee's claims seeking damages

against federal officers involved in the revocation of his

parole, where parole revocation had not been invalidated in any

prior proceeding); Wingo v. Mullins, 400 F. App'x 344, 347 (10th

Cir. 2010) (Heck barred Bivens and 42 U.S.C. § 1983 claims that

would undermine validity of plaintiff's plea of guilty to

supervised release violations); Hutchins v. Me. State Hous., No.

1:14-cv-00491-JAW, 2015 U.S. Dist. LEXIS 50428, at *13, 2015 WL

2250672, at *4 (D. Me. Apr. 16, 2015) (Heck's precondition

applied to claims concerning validity of order revoking

plaintiff's supervised release), R&R approved, 2015 U.S. Dist.

LEXIS 62492, 2015 WL 2250672, at *1 (D. Me. May 13, 2015).  Mr.

Violette thus cannot litigate claims challenging the validity of

his revocation judgment and sentence in this action.

Accordingly, this action should be dismissed in its entirety for

failure to state a claim upon which relief can be granted.

## Conclusion

For the foregoing reasons, this action should be dismissed

in its entirety.  Any objections to this Report and

Recommendation must be filed within fourteen days of receipt of

this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day

period may be extended upon motion.   Failure to file objections

within the specified time waives the right to appeal the

district court's order.   See Santos-Santos v. Torres-Centeno,

842 F.3d 163, 168 (1st Cir. 2016).


                                        _____
                                        Andrea K. Johnstone
                                        United States Magistrate Judge

December 15, 2020

cc:  Gregory Paul Violette, pro se